Albert Orenstein, J.
Plaintiff in a third-party action against defendants, was granted an order based on a stipulation that plaintiff, Victor Carona, be granted judgment against defendants, Joseph B. and Fennora Cannito in the sum of $384.95, and also a judgment against Joseph B. Cannito alone in the additional sum of $384.95. The judgments were properly entered and filed and an execution was issued to the Onondaga County Sheriff on June 13,1967.
Subsequently, on or about July 11, 1967, a levy pursuant to the execution was made on a Volkswagon truck owned by the judgment debtor, Joseph B. Cannito. Located inside the truck was a pair of pants in the pocket of which was $296.20, which was levied upon and is now in the possession of the Sheriff. The pants were subsequently returned to the judgment debtor as exempt property'under CPLR 5205 (subd. [a], par. 5).
Defendant, Joseph B. Cannito, seeks to have the money thus obtained returned to him, claiming that it was an illegal levy. On the argument before the court, defendant cited Shambach v. General Elec. Co. (6 A D 2d 327) to support his contention. However, the Shambach case does not apply since it refers to wage exemptions as to the salary of the judgment debtor himself, rather than wages claimed to be due employees of the judgment debtor. Further, under CPLR 5202, distribution of a judgment.debtor’s assets is made in the order in which the judgment creditors ’ executions are delivered to the Sheriff.
Therefore, the claims of the two employees that the cash found in their employer’s pants pocket was intended for their wages is not a tenable argument to defeat the right of a bona fide judgment creditor of their employer. They have adequate remedies provided by the Labor Law (§§ 196-c, 199) for the collection of earnings due from their employer. There is no proof before this.court that the money levied upon was earmarked in any form by the judgment debtor which might possibly create a constructive trust for the benefit of employees. •
. The motion is .in-all respects denied and the Sheriff 'of Onondaga County is directed to pay over to plaintiff the money proceeds levied upon, less his fees,; towards, the satisfaction of plaintiff’s judgment.